IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01993-REB-CBS

VIOLA TALMADGE,

    Plaintiff,

v.

HOSPITAL SHARED SERVICES, INC., a Colorado corporation, d/b/a FirstWatch Security Services,

    Defendant.

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiff and current

1

or former employees of Defendant Hospital Shared Services, Inc. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL" information) shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  a. attorneys actively working on this case;

  b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  c. the parties, including Defendant's designated representatives for the entity defendant;

  d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  e. the Court and its employees ("Court Personnel");

  f. stenographic reporters who are engaged in the proceedings necessarily incident to the conduct of this action;

  g. deponents, witnesses, or potential witnesses; and

  h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an affidavit in the form of Exhibit A. Such affidavit shall be retained by counsel and

shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of the depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed

time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL , or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 6th day of July, 2006.

LAFOND & SWEENEY, L.L.C.　　　　　　　SHERMAN & HOWARD, L.L.C.

/s/ Richard C. LaFond
Richard C. LaFond
Charlotte N. Sweeney
1756 Gilpin Street
Denver, CO 80218
(303) 388-4551
Attorneys for Plaintiff

/s/ Patrick J. Miller
Patrick J. Miller
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 297-2900

Raymond M. Deeny
Sherman & Howard, LLC
90 South Cascade Avenue,
Suite 1500
Colorado Springs, CO 80903

(719) 475-2440
Attorneys for Defendant

DONE AND ORDERED this 7th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
CRAIG B. SHAFFER

# EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO      )
                       ) ss.
COUNTY OF _____  )

    I, _____ swear or affirm and state under penalty of perjury:

    1.    I have read the Protective Order in Viola Talmadge v. Hospital Shared Services Inc., a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

                                               _____
                                               (Signature)

                                             _____
                                               (Print or type name)

                    Address:   _____
                    Telephone: (____)

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2006, by _____.

WITNESS my hand and official seal.

                                       My commission expires: _____
Notary Public