**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01993-REB-CBS

VIOLA TALMADGE,

    Plaintiff,

v.

HOSPITAL SHARED SERVICES, INC., a Colorado corporation, d/b/a FirstWatch Security Services,

    Defendant.

## ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendant's Motion For Summary Judgment** [#38], filed September 29, 2006.  I grant the motion in part and deny it in part.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d

1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

Defendant provides security services for various clients, including the Denver International Airport (DIA). Plaintiff, a Hispanic female over age 40, began her employment with defendant at DIA in 1995 as a Security Officer, and was promoted to Supervisor in December, 2001. In February, 2003, when the position of Personnel Manager became vacant, plaintiff assumed some of the duties of that position for approximately two months. Although plaintiff applied for the permanent position, she

was not selected for an interview, and the position ultimately was filled by a younger, white woman.

During this same period of time, plaintiff was involved in several workplace incidents that figure in her claims in this lawsuit.  In April, 2003, plaintiff, without authorization, signed a security badge renewal form for another employee.  Soon thereafter, a discrepancy in her reporting of her hours worked on her time card during the blizzard of March, 2003, came to light.  On June 2, plaintiff was written up for taking certain paperwork off DIA premises and for failing to complete the paperwork itself in a timely fashion.

On June 5, 2003, plaintiff wrote a letter to defendant's Director of Human Resources "to inform you of my complaints on FirstWatch Sercurity [*sic*] for several accusations brought against me as well as continued harassment by FirstWatch Management personnel."  Therein, plaintiff claimed that her recent disciplinary counselings and write ups were "unjust and retaliatory" and that management was "causing a hostile work environment."  That same day, plaintiff was demoted from Supervisor to Security Officer, effective June 5, 2003.  In addition, her schedule was changed to part-time.

Plaintiff claims that defendant discriminated against her on the basis of her national origin and age by failing to interview her for and promote her to the Personnel Manager position, and discriminated against her on the basis of her sex, national origin, and age in relation to both her demotion and the various disciplinary events that preceded it.  She alleges further that defendant retaliated against her for complaining of discrimination and harassment.  Defendant moves for summary judgment as to all

claims.

In analyzing whether plaintiff has made out a viable claim of sex or national origin discrimination pursuant to Title VII, or of age discrimination under the Age Discrimination in Employment Act (ADEA), I employ the familiar burden-shifting analysis of **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If plaintiff satisfies the burden of establishing a *prima facie* case of discrimination, the burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. If defendant meets this burden, plaintiff then must prove the ultimate fact of discrimination by showing that defendant's proffered reason is pretextual. **See Young v. Dillon Companies, Inc**., 468 F.3d 1243, 1249 (10th Cir. 2006) (Title VII); **McKnight v. Kimberly Clark Corp.**, 149 F.3d 1125, 1128 (10th Cir. 1998) (ADEA).

With respect to her failure to promote claim, plaintiff has failed to carry that burden of proof. The posting for the Personnel Manager position noted that the preferred applicant would have a college degree and at least five years of experience in the human resources field. The woman who was ultimately chosen for the position had both these qualifications; plaintiff had neither. The facts that plaintiff had performed some portion of the Personnel Manager's job for two months and had been told she would be contacted for an interview are insufficient to suggest that she was overwhelmingly more qualified or that defendant did not honestly believe that the candidate it ultimately chose was better qualified than plaintiff for the job. **See Jaramillo v. Colorado Judicial Department**, 427 F.3d 1303, 1308-09 (10th Cir. 2005).

Summary judgment as to this claim, therefore, is appropriate.

Likewise, plaintiff has failed to present and preserve a genuine issue of material fact with respect to her claim of disparate discipline. Plaintiff attempts to show pretext by referencing other employees who allegedly were not disciplined or were less harshly disciplined for similar or even much more serious infractions. ***See Green v. New Mexico***, 420 F.3d 1189, 1194 (10th Cir. 2005). "A similarly situated employee is one who deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline." ***Id***. (citations and internal quotation marks omitted). Plaintiff has produced no evidence by which this comparison might be made. Accordingly, defendant is entitled to summary judgment as to this claim as well.

However, following review of the arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact not appropriate for summary resolution with respect to plaintiff's claim of discrimination based on her demotion, as well as with respect to her claim of retaliation. As to those claims, the motion for summary judgment must be denied.

## IV.  CONCLUSION

Defendant's motion for summary judgment should be granted with respect to plaintiff's claims of discrimination under Title VII and the ADEA for failure to promote and disparate discipline. The motion should be denied as to plaintiff's claim for discrimination based on her demotion and as to her claim for retaliation.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion For Summary Judgment** [#38], filed September

29, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

    a.  That the motion is **GRANTED** as to plaintiff's claims of age, sex, and national origin discrimination, which are premised on failure to promote and disparate discipline, and those claims are **DISMISSED WITH PREJUDICE**; and

    b.  That the motion is **DENIED** otherwise.

Dated April 13, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**